REPUBLIC INDEMNITY COMPANY OF AMERICA, Plaintiff,

and

Craig Wennihan, Plaintiff—Appellant,

v.

HANS LEFFER, GMBH, Defendant—Appellee.

No. 02–16210.

D.C. No. CV–00–04623–WHA.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 15, 2003.*

Decided May 20, 2003.

Before CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Wennihan brought suit against Hans Leffer, the German manufacturer of a piece of heavy drilling equipment that caused an accident which Wennihan claims injured his back significantly. The jury returned a special verdict finding that the manufacturer's failure to warn of the dangers of operating the machinery was not the proximate cause of his injuries.

A jury verdict in a civil case must be upheld if it is supported by substantial evidence. *Swenson v. Potter,* 271 F.3d 1184, 1190 (9th Cir.2001). Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence. *Johnson v. Paradise Valley Unified School Dist.,* 251 F.3d 1222, 1227 (9th Cir.2001).

Wennihan argues that the jury was bound by his treating physician's opinion to find in his favor on causation. But his cases on federal administrative law judges and state malpractice experts are distinguishable. The jury could, on the evidence in this case, conclude that Wennihan's age, prior injury, and degenerative processes rather than the claimed accidental impact from jumping out of the way caused his back disorder. The jury was not compelled, on the evidence they heard, even to believe that Wennihan jumped out of the way as he claimed.

The workers' compensation award is of little significance. The Board might have concluded merely that his back condition worsened because of his labor on the job.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.